IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PATTIVA McKEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. _____ |
| | ) |
| NORFOLK SOUTHERN RAILWAY COMPANY, a Virginia corporation, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

### THE STATE COURT ACTION

1. On July 14, 2006, Pattiva McKean, ("Plaintiff"), filed this action in the Superior Court of the State of Delaware in and for Kent County, against defendant Norfolk Southern Railway Company ("Norfolk Southern"). Plaintiff alleges that this action remains pending in the Superior Court of the State of Delaware in and for Kent County. Plaintiff is a citizen of the State of Delaware and Norfolk Southern is a citizen of the Commonwealth of Virginia with its principal place of business located at Three Commercial Place, Norfolk, Virginia 23510-2191.

2. Copies of the Complaint and Summons (Exhibit A hereto) were served on The Corporation Trust Company, Norfolk Southern's registered agent for service of process in Delaware, on August 1, 2006.

### FEDERAL COURT JURISDICTION AND REMOVABILITY

3. Norfolk Southern may remove this action to this Court pursuant to 28 U.S.C. §§1441, 1446 because:

    a. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00 exclusive of interest and costs (*see* Affidavit of Nicholas H. Rodriguez (attached to Complaint)), and the action is between citizens of the different states (plaintiff a citizen of Delaware and defendant a citizen of Virginia);

    b. The United States District Court for District of Delaware is the district court embracing the place, Kent County, where the state court action was brought and is pending. 28 U.S.C. § 1441(a);

    c. This Notice of Removal is being filed within 30 days after Norfolk Southern was served with the Complaint initiating this action.

    4. Attached to this notice are copies of all process, pleadings, and orders filed or served in this action in the Superior Court of the State of Delaware in and for Kent County, and known to Norfolk Southern.

    WHEREFORE, pursuant to 28 U.S.C. § 1446, defendant Norfolk Southern Railway Company gives notice that this action is removed to this Court.

POTTER ANDERSON & CORROON LLP

By: _____
Daniel F. Wolcott, Jr. (#284)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street, P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
dwolcott@potteranderson.com
dmoore@potteranderson.com

Dated: August 25, 2006
746876

*Counsel for Defendant*
*Norfolk Southern Railway Company*

2

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 25, 2006, a true and correct copy of the within document was caused to be served on the attorney of record at the following addresses as indicated:

## VIA HAND DELIVERY

Nicholas H. Rodriguez
Schmittinger and Rodriguez, P.A.
414 South State Street
P.O. Box 497
Dover, DE  19903-0497

_____
David E. Moore

747639

# EXHIBIT A

SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY:  N  (K)  S           CIVIL ACTION NUMBER: C6C-07-034 JTV

CIVIL CASE CODE: __CPIA__    CIVIL CASE TYPE: __Personal Injury Auto__
                             (SEE REVERSE SIDE FOR CODE AND TYPE)

| CAPTION: | NAME AND STATUS OF PARTY FILING DOCUMENT: |
|---|---|
| PATTIVA MCKEAN, | Pattiva McKean, Plaintiff |
| Plaintiff, | |
| v. | |
| NORFOLK SOUTHERN RAILWAY COMPANY, a Virginia corporation, | DOCUMENT TYPE: (E.G., COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><br>Complaint<br>Non-Arbitration  X<br>(Certificate of Value may be required) |
| Defendant. | Arbitration ___ Mediation ___ Neutral Assessment ___<br>DEFENDANT (CIRCLE ONE)  **ACCEPT   REJECT**<br>JURY DEMAND  YES  X   NO ___<br>TRACK ASSIGNMENT REQUESTED (CIRCLE ONE)<br>(EXPEDITED)    STANDARD    COMPLEX |
| ATTORNEY NAME(S):<br>Nicholas H. Rodriguez, Esquire<br>ATTORNEY ID(S):        356<br>FIRM NAME:<br>  SCHMITTINGER & RODRIGUEZ, P.A. | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS |
| ADDRESS:<br>  414 SOUTH STATE STREET<br>  P.O. BOX 497<br>  DOVER, DE 19903-0497 | EXPLAIN THE RELATIONSHIP(S): |
| TELEPHONE NUMBER:<br>  302-674-0140<br>FAX NUMBER:<br>  302-674-1830<br>E-MAIL ADDRESS:<br>nrodriguez@schmittrod.com | OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICES UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Received via Fed Ex
to Roger A. Petersen

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

AUG 0 2 2006
NORFOLK

| | | |
|---|---|---|
| PATTIVA McKEAN, | * | C.A. No. 0UC-07-034 JTV |
| | * | |
| Plaintiff, | * | NON-ARBITRATION CASE |
| | * | |
| v. | * | |
| | * | |
| NORFOLK SOUTHERN RAILWAY | * | **COMPLAINT** |
| COMPANY, a Virginia | * | |
| corporation, | * | TRIAL BY JURY DEMANDED |
| | * | |
| Defendant. | * | |

1. Plaintiff is Pattiva McKean who resides at 21860 Shell Station Road, Frankford, Delaware 19945.

2. Defendant is Norfolk Southern Railway Company, a Virginia corporation, its resident agent being The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3. On Monday, November 29, 2004, at 6:25 p.m., Plaintiff was operating her 2001 Honda Accord sedan westbound on County Route 86, Avenue of Honor, .2 miles east of County Route 326 (Bethesda Road), four miles north of Millsboro, Sussex County, and State of Delaware approaching a railroad grade crossing at the time occupied by a train owned and operated by Defendant with 135 cars proceeding northbound through the grade crossing, at which point Plaintiff's vehicle collided with Car 31 involving the front of her vehicle and the side of Car 31, which collision caused the damages and injuries herein alleged.

4. The collision was caused by the negligence of the Defendant, its agents or employees, as follows:

a. It failed to inspect, check, and maintain the flasher signals for westbound traffic on Route 86, which flasher signals were not activated by the train and were not operating at the time of the collision, thus giving the Plaintiff no warning that the train was passing over the roadway;

b. It failed to note the optical light on the side of the signal which was not activated and which would automatically notify the crew that the flashers for westbound traffic were not operating;

c. It failed to stop the train prior to crossing County Route 86, notify the dispatcher that the flashing signals were not operating, and to place fusees on the crossing before allowing the train to proceed to cross County Route 86;

d. It failed to provide adequate lighting at the crossing over County Route 86 which at the time of the collision was in total darkness;

e. It failed to comply with the Northeast Operating Rules Advisory Committee (NORAC) rules by stopping the train before crossing County Route 86; by failing to notify the dispatcher that the lights and flashers for westbound traffic were not operating; by failing to put out fusees to warn westbound traffic on County Route 86 of the non-function of the flashing signals; and by failing to take other safety precautions to warn westbound traffic of the presence of the train;

f. It failed to comply with the Department of Transportation regulations for maintaining, operating, and protecting the grade crossing from accidents and the promotion of

safety of the public in violation of 2 <u>Del</u>. <u>C</u>. §1804(b) and the regulations of the Department of Transportation;

    g. It failed to inspect, check, maintain, and repair the flashing signal lights at the grade crossing despite knowledge and/or knowledge that could have been acquired through reasonable inspections that the grade crossing flashing lights for westbound traffic on County Route 86 had not been functioning in the past and were not functioning at the time of the collision;

    h. It failed to recognize this crossing as an extra hazardous crossing due to the volume of traffic using the same with the crossing having no artificial illumination and the approach of northbound trains being obscured by trees adjacent to the tracks.

    5. As a result of the negligence of the Defendant, its agents or employees, the Plaintiff sustained serious temporary and permanent injuries; she incurred past pain and suffering and will incur future pain and suffering; she has incurred past medical expenses in excess of her personal injury protection limits and will incur future medical expenses; she has incurred past lost wages in excess of her personal injury protection insurance limits and has sustained an impairment of her earning capacity; she has sustained permanent partial impairment and permanent disfigurement of her body; and she has sustained serious emotional injuries.

    WHEREFORE, Plaintiff demands judgment against Defendant for damages generally, interest, and costs.

```
                              SCHMITTINGER & RODRIGUEZ, P.A.

                              BY: _____
                                  NICHOLAS H. RODRIGUEZ, ESQUIRE
                                  Bar I.D. #356
                                  414 S. State Street
                                  P.O. Box 497
                                  Dover, DE   19903
                                  302-674-0140
                                  Attorney for Plaintiff

DATED: 7/14/06
NHR:pmw
```

**CERTIFICATION OF VALUE**

I, Nicholas H. Rodriguez, Esquire, attorney for Plaintiff, hereby certify in good faith at this time, in my opinion, that the sum of damages of all Plaintiffs is in excess of $100,000, exclusive of costs and interest.

SCHMITTINGER AND RODRIGUEZ, P.A.

BY: _____
NICHOLAS H. RODRIGUEZ, ESQUIRE
414 South State Street
P.O. Box 497
Dover, Delaware 19903-0497
(302) 674-0140
Attorney for Plaintiff

DATED: 7/14/06

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PATTIVA McKEAN,

## DEFENDANTS
NORFOLK SOUTHERN RAILWAY COMPANY, a Virginia corporation,

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)
Daniel F. Wolcott, Jr. (#284)
David E. Moore (#3983)
Potter Anderson & Corroon LLP (302) 984-6264
1313 N. Market Street, 6th Floor, Wilmington, DE 19801

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [x] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking [ ] 450 Commerce/ICC Rates/etc |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 460 Deportation |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | PERSONAL PROPERTY | [ ] 640 R.R. & Truck [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts [ ] 892 Economic Stabilization Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 195 Contract Product Liability | | | | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | FEDERAL TAX SUITS | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Sections 1441, 1446 (removal statute - diversity of the parties and amount sought in complaint is greater than $75,000.00)

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 8/25/06
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

JS 44 Reverse (Rev 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.